**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SETH HILL, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-13-1489 |
| | § | |
| ALLISON TAYLOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Seth Hill, is in the custody of the Southeast Texas Transitional Center following a civil commitment order[1] issued on August 19, 2011 by the 435th Judicial District Court of Montgomery County, Texas. (Cause Number 08-01-00790). Hill has filed a complaint under 42 U.S.C. § 1983 against Allison Taylor, Executive Director of the Office of Violent Sex Offender

[1]In a recent unpublished opinion, *Bohannan v. Doe,* --- F. App'x ---, 2013 WL 2631197 (5th Cir. 2013)), the Fifth Circuit stated:

> When Bohannan filed this suit, he was civilly committed as part of a program for high-risk offenders. Tex. Health & Safety Code Ann. §§ 841.001–.150 (West 2006). Qualifying as a prisoner under § 1915A, however, requires "incarerat[ion] or deten[tion]" after being "accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A©. The Fifth Circuit has previously stated that "[t]he PLRA does not apply to civilly committed detainees." *Ruston v. Dallas Cnty.,* No. 07–10206 (5th Cir. Dec. 18, 2007) (per curiam) (unpublished). Moreover, while the Fifth Circuit has not issued a published decision holding that civilly committed sexual predators are not prisoners under § 1915A, other circuits have. *See Michau v. Charleston Cnty.,* 434 F.3d 725, 727 (4th Cir. 2006); *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002); *Page v. Torrey,* 201 F.3d 1136, 1139–40 (9th Cir. 2000). Circuits have consistently so held because programs like this one utilize civil proceedings to commit citizens and are not intended to have punitive effects. *See, e.g., Troville,* 303 F.3d at 1260 ("Civil detention is by definition non-punitive.").

*Id*., 2013 WL 2631197, at *4.

Management, and Eric Pierson, Director of the Southeast Texas Transitional Center. Hill alleges that the defendants violated his civil rights by detaining him after the Texas Supreme Court reversed the first civil commitment order on March 11, 2011. He complains that he was illegally confined from March 11, 2011, when the first civil commitment order was reversed, to August 19, 2011, when a second civil commitment order was entered. Hill proceeds *pro se* and *in forma pauperis.*

This court has screened Hill's pleadings under 28 U.S.C. § 1915A and found that summary dismissal was not warranted. The defendants are notified of suit through delivery, by certified mail, of the complaint, (Docket Entry No. 1), to Lee Haney, Assistant Attorney General, Law Enforcement Defense Division, and the court orders as follows:

1. The defendants have sixty (60) days from receipt of this order to answer. The defendants must respond to each and every factual and legal allegation in Hill's complaint.

2. Within thirty (30) days after an answer is filed, the parties are to disclose to each other all information relevant to the claims or defenses of any party. The parties must promptly file a notice of disclosure with the court after such disclosure has taken place. No further discovery will be allowed except on further order of the court. Conferences under Rule 26(f) and 16(b) of the Federal Rules of Civil Procedure are not required except on further order of the court.

3. The defendants must file any dispositive motions, including a motion for summary judgment under FED. R. CIV. P. 56, within one hundred twenty (120) days after the date the defendants' answer is due. The defendants must submit, with a business records affidavit, copies of any documents relevant to Hill's claims and the defendants' defenses, including copies of any written agency rules relevant to the alleged events forming the basis of this lawsuit. If the defendants fail to file a motion for summary judgment within the one-hundred-twenty(120)-day time limit, the

defendants must file an advisory to the court regarding the reasons why summary judgment is inappropriate in this case.

4. Hill will respond to the defendants' motion to dismiss or motion for summary judgment within forty-five (45) days of the date in which the defendants mailed plaintiff his copy of the additional pleadings, as shown on the defendants' certificate of service. Hill's failure to respond to the defendants' motions within the time limit may result in dismissal of this action for want of prosecution under Rule 41(b), FED. R. CIV. P.

5. Each party must serve the other party, or his counsel, with a copy of every pleading, motion, or other paper submitted for consideration by this court. Service must be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court must be signed by at least one attorney of record in his individual name, whose address must be stated, or if the party is proceeding *pro se*, by said party, with address likewise stated. In the case of the *pro se* party, only signature by the *pro se* party will be accepted. If a layman signs a pleading, motion, or other document on behalf of a *pro se* party, such document will not be considered by the court.

6. Every pleading, motion, or other document must include on the original a signed certificate stating the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed. Failure to mail a copy thereof as certified by the certificate will subject that party to sanction by the court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, or other document.

7. There will be no direct communications with the U.S. District Judge or Magistrate Judge. Communications must be submitted to the Clerk with copies to the other party. *See* Rules 5(a) and 11 of the Federal Rules of Civil Procedure.

8. The Clerk will provide a copy of this order to the Attorney General for the State of Texas, Attention: Lee Haney, Assistant Attorney General, P.O. Box 12548, Austin, Texas 78711-2548.

Hill's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted.

SIGNED on August 14, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge