IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SETH HILL, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-13-1489 |
| § | |
| ALLISON TAYLOR, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

The plaintiff, Seth Hill, is a former inmate of the Southeast Texas Transitional Center ("STTC"). He was confined on August 19, 2011 following a civil commitment order[1] by the 435th Judicial District Court of Montgomery County, Texas. (Cause Number 08-01-00790). Hill has filed a complaint under 42 U.S.C. § 1983, against Allison Taylor, Executive Director of the Office of Violent Sex Offender Management, and Eric Pierson, Director of the Southeast Texas Transitional Center. He proceeds *pro se* and *in forma pauperis*.

Taylor has answered and moved to dismiss under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and of qualified immunity. (Docket Entry No. 12). Hill has responded. (Docket Entry No. 13). Based on the pleadings, the motion to dismiss, the record, and the applicable law, this court denies Taylor's motion to dismiss. The reasons are explained below.

---

[1] "The PLRA does not apply to civilly committed detainees." *Ruston v. Dallas Cnty.*, No. 07–10206 (5th Cir. Dec. 18, 2007) (per curiam) (unpublished). While the Fifth Circuit has not issued a published decision holding that civilly committed sexual predators are not prisoners under § 1915A, other circuits have. *See Michau v. Charleston Cnty.*, 434 F.3d 725, 727 (4th Cir. 2006); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002); *Page v. Torrey*, 201 F.3d 1136, 1139–40 (9th Cir. 2000). Civil proceedings used to commit citizens are not intended to be punitive. *See, e.g., Troville*, 303 F.3d at 1260 ("Civil detention is by definition non-punitive."); *Bohannan v. Doe*, --- F. App'x ---, 2013 WL 2631197 (5th Cir. 2013)).

When he filed his complaint, Hill was confined at the STTC in Houston, Texas as an outpatient sexually violent predator ("SVP") under the Texas Outpatient Civil Commitment Statute. TEXAS HEALTH & SAFETY CODE, Chapter 841. Hill alleges that on March 19, 1991, he was convicted of sexual offenses in Harris County, Texas and sentenced to concurrent 18-year sentences in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). During Hill's confinement, on August 7, 2008, the 435th Judicial District Court of Montgomery County, Texas issued an order for civil commitment under Chapter 841, Texas Health & Safety Code. (Cause Number 08-01-00790). A jury found that Hill was "a sexually violent predator as defined in Health & Safety Code § 841.003 and must be civilly committed under Health & Safety Code § 841.081. The State had the burden to prove that Hill (1) was a "repeat sexually violent offender" and (2) "suffer[ed] from a behavioral abnormality" that made him "likely to engage in a predatory act of sexual violence." In the civil commitment proceeding, the jury found Hill to be a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ch. 841 (providing for the civil commitment of certain violent sexual offenders). The judgment provided that "outpatient treatment and supervision . . . shall begin upon Plaintiff's release from a secure correctional facility."

Hill alleges that on March 11, 2009, he completed serving his entire sentence. At that point, he was released from TDCJ-ID and turned over to the Council On Sex Offender Treatment (CSOT). CSOT is the predecessor of the current Office of Violent Sex Offender Management (OVSOM). Hill was escorted from TDCJ to the STTC facility.

On March 25, 2010, the Ninth Court of Appeals affirmed the judgment of the Montgomery County District Court. *In Re Commitment of Seth Hill*, 308 S.W.3d 465 (Tex. App. - Beaumont 2010). On March 11, 2011, the Texas Supreme Court reversed the judgment of the Court of Appeals

and remanded the case to the district court for a new trial. On April 22, 2011, the Texas Supreme Court issued its mandate reversing the judgment of the lower court and thereby invalidating the trial court's judgment and order of commitment, as well as Hill's SVP status.

On April 28, 2011, Hill, represented by counsel, sought release by filing for a writ of habeas corpus in the 129th District Court of Harris County, Texas. Hill alleges that Taylor and Pierson were both made aware of the habeas application. Hill alleges that from March 11 through August 19, 2011, he was unlawfully detained and confined at the STTC without being arrested for, charged with, or convicted of a criminal offense. Hill argues that he was no longer civilly committed as an outpatient or inpatient under Texas Health & Safety Code Chapter 841, but should have been released while waiting for a new civil commitment proceeding.

Hill alleges that Taylor is responsible for the daily administration and operation and for the policies, customs, practices, and procedures implemented and exercised in the Outpatient Sexually Violent Predator Treatment Program. Hill alleges that Pierson is responsible for the day-to-day operations of the facility, as well as developing, implementing, and enforcing the policies, practices, and procedures of the facility. The STTC, and Pierson as director, was under contract with the Office of Violent Sex Offender Management (OVSOM) to confine those subject to civil commitments as violent sexual predators.

Hill alleges that both Taylor and Pierson had the authority and duty to direct his release but failed to do so after he was no longer subject to a court order of civil confinement.

Hill seeks an injunction preventing the defendants from unlawfully detaining him after a judgement invalidating his civil commitment as an SVP and damages of $300,000 against Taylor and Pierson. Taylor has moved to dismiss.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to Relief." FED. R. CIV. P. 8(a)(2).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65); *see also S. Scrap Material Co. v. ABC Ins. Co. (In re S. Scrap Material Co.)*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 555, 570), *cert. denied*, 129 S. Ct. 1669 (2009). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief,' this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1966).

A court generally must limit itself to the contents of the pleadings in considering a Rule 12(b)(6) motion, but may consult documents attached to the defendant's motion if "'they are referred to in the plaintiff's complaint and are central to [its] claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000).

Hill alleges that the defendants violated his civil rights by detaining him after the Texas Supreme Court reversed the first civil commitment order on March 11, 2011. He complains that he was illegally confined from March 11, 2011, the date the first civil commitment order was reversed, to August 19, 2011, the date the second civil commitment order was entered.

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the court must dismiss a complaint under 42 U.S.C. § 1983, when, if successful, it would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

Taylor argues that Hill's claim is barred by *Heck* because Hill has failed to secure an order from the 245th Judicial District Court of Montgomery County, Texas, or other court ordering his release. Hill sought an order for his release from the Texas Supreme Court, which declined to issue it. Hill also unsuccessfully sought an Order of Release from Montgomery County, which was denied. Taylor argues that if the court were to grant damages, declaratory, or injunctive relief as Hill requests, that would necessarily implicate the validity of the 245th Judicial District Court's orders, which are the basis for his confinement at the STTC. Taylor contends that Hill has failed to

demonstrate that the district court order confining him from March 11 to August 19, 2011 has been invalidated by a state or federal court.

Hill responds that the Texas Supreme Court issued an order on March 11, 2011 remanding the case back to the trial court for a new trial, invalidating Hill's civil commitment. Hill contends that an additional order releasing him from the STTC was unnecessary after his civil commitment had been invalidated by the Texas Supreme Court. Hill argues that there is no need to seek invalidation of a judgment of commitment that has already been invalidated. Hill emphasizes that he does not seek relief from his past or current civil commitment, but only for the period when he was confined and his civil commitment had been invalidated — March 11, 2011 - August 19, 2011.

Hill's complaint is that he was improperly detained after the reversal of his civil commitment judgment on March 11, 2011. A ruling granting Hill the relief he seeks would not implicate the validity of his current civil commitment judgment entered on August 19, 2011.

Hill has demonstrated that his civil commitment judgment in Cause Number 08-01-00790, on March 11, 2011 has been reversed on direct appeal by the Texas Supreme Court. The *Heck* doctrine does not bar Hill's § 1983 action. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . .").

Taylor's motion to dismiss (Docket Entry No. 12), is denied.

By July 7, 2014, the defendants must file any dispositive motions, including a motion for summary judgment under FED. R. CIV. P. 56. The defendants must submit, with a business records affidavit, copies of any documents relevant to Hill's claims and the defendants' defenses, including

copies of any written agency rules relevant to the alleged events forming the basis of this lawsuit. If the defendants fail to file a motion for summary judgment within the time specified, the defendants must file an advisory to the court regarding the reasons why summary judgment is inappropriate in this case.

Hill will respond to the defendants' motion to dismiss or motion for summary judgment within forty-five (45) days of the date in which the defendants mailed plaintiff his copy of the additional pleadings, as shown on the defendants' certificate of service. <u>Hill's failure to respond to the defendants' motions within the time limit may result in dismissal of this action for want of prosecution under Rule 41(b), FED. R. CIV. P.</u>

SIGNED on May 5, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge