**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SETH HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-13-1489 |
| | § | |
| ALLISON TAYLOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Seth Hill, is a former inmate of the Southeast Texas Transitional Center ("STTC"), where he was confined after serving an 18-year sentence for aggravated sexual assault and sexual assault. The STTC confinement began in March 2009, after a jury found that Hill was a sexually violent predator under the Texas Health & Safety Code § 841.003 and the judge issued a civil commitment order. The order was reversed on March 11, 2011 and the case remanded for a new trial. That new trial resulted in another civil commitment order issued on August 19, 2011. Hill challenges his confinement during the period between the two commitment orders, from March 11 to August 19, 2011. Hill sues Allison Taylor, the former director of the Office of Violent Sex Offender Management ("OVSOM"); Marsha McLane, the current OVSOM executive director, in her official capacity; and Eric Pierson, the Director of the Southeast Texas Transitional Center.[1] Hill alleges civil rights violations under 42 U.S.C. § 1983 and seeks an injunction and damages. He proceeds *pro se* and *in forma pauperis*.

---

[1] The court twice ordered service of process on Eric Pierson. (Docket Entries Nos. 15 & 18). To date, Pierson has not been served.

Taylor and McLane filed a motion for summary judgment on December 16, 2014. (Docket Entry No. 33).  Hill filed a response and cross-moved for summary judgment.  (Docket Entry No. 36).  Based on the pleadings, the motion, and the applicable law, this court grants the defendants' motion for summary judgment and denies Hill's cross-motion for the reasons set out in detail below.

## I.  Procedural History and Background[2]

When Hill filed his suit, he was confined at the STTC in Houston, Texas, as a sexually violent predator ("SVP") under the Texas civil commitment statute.  *See* TEXAS HEALTH & SAFETY CODE, Chapter 841.  On March 19, 1991, Hill was tried in the 248th Judicial District Court of Harris County, Texas and convicted of aggravated sexual assault (Cause Number 530931) and sexual assault (Cause Number 531648).  (Docket Entry No.  33-1, pp. 2-3).  The court sentenced Hill to serve concurrent 18-year sentences in the Texas Department of  Criminal Justice - Correctional Institutional Division (TDCJ-CID).

On August 7, 2008, in Cause Number 08-01-00790, the 435th Judicial District Court of Montgomery County, Texas issued an order for civil commitment under Chapter 841 of the Texas Health & Safety Code, which provides for the civil commitment of certain violent sexual offenders. The order issued after a jury found that Hill (1) was a "repeat sexually violent offender" and (2) "suffer[ed] from a behavioral abnormality" that made him "likely to engage in a predatory act of

---

[2]The defendants provide the following summary judgment evidence:
  (1)Exhibit A: Affidavit of Charley Valdez, Program Supervisor III for the Classification and Records Department of the TDCJ-CID.
  (2) Exhibit B: Excerpt, *In re Commitment of Seth Hill*, Cause No. 08-01-00790-CV, in the 435th Judicial District Court, Montgomery County, Texas.
  (3) Exhibit C: Excerpt, *In re Commitment of Seth Hill*, Appellate Cause No. 10-0280, in the Supreme Court of Texas.
  (4) Exhibit D: Excerpt, *In re Seth Hill*, Cause No. 2011-25368, in the 129th Judicial District Court, Harris County, Texas.

sexual violence," who "must be civilly committed under Health & Safety Code § 841.081."

§§ 841.002, 841.003.  The judgment stated that "outpatient treatment [and supervision] shall begin

upon [Plaintiff's] release from a secure correctional facility."  (Docket Entry No. 33-2, p. 2).

On March 25, 2010, the Ninth Court of Appeals affirmed the judgment of the Montgomery

County District Court. *In re Commitment of Seth Hill*, 308 S.W.3d 465 (Tex. App. - Beaumont

2010).  On March 11, 2011, the Texas Supreme Court reversed the judgment and remanded to the

district court for a new trial.  (Docket Entry No. 33-3, pp. 10-11).  On April 5, 2011, Hill filed a

Motion to Expedite Mandate and to Order Petitioner Released from Custody.  (Docket Entry No.

33-3, pp. 2-6).  The Supreme Court denied that motion on April 15, 2011.  (*Id.* at 9). On April 22,

2011, the Supreme Court issued its mandate, reversing the lower court and invalidating the order

of commitment, as well as Hill's SVP status.  The Supreme Court's mandate did not order the

district court to release Hill from custody pending his new civil commitment trial.

On April 28, 2011, Hill, with the assistance of counsel, petitioned for a writ of habeas corpus

in the 129th District Court of Harris County, Texas, seeking his release. (Docket Entry No. 33-4,

pp. 2-11).  That court denied the petition on May 13, 2011.  (*Id.* at 13).

Hill completed serving his sexual-assault sentences on March 11, 2009.  He was released

from the TDCJ-CID and taken to the Council On Sex Offender Treatment (CSOT), the predecessor

of the Office of Violent Sex Offender Management (OVSOM), where he was confined at the STTC.

He claims that his confinement from March 11 to August 19, when the second civil commitment

order issued, violated the Fourteenth Amendment.

Hill alleges that Taylor is responsible for the daily administration and operation of the

OVSOM and for its policies, customs, practices, and procedures.  He alleges that Pierson is

3

responsible for the facility's day-to-day operations, and for developing, implementing, and enforcing its policies, practices, and procedures. Hill alleges that Taylor and Pierson illegally directed his continued detention and confinement during the period that no valid judicial court order for civil commitment was in place. Hill contends that the defendants had the authority and duty to direct his release but failed to do so. He seeks an injunction preventing the defendants from detaining him without a valid civil commitment order and damages from each defendant. Both sides have moved for summary judgment.

**II.      The Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v.*

4

*$92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the pleading allegations. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007):  pleadings filed by a *pro se* litigant are entitled to liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2000).

## III.   Analysis

Hill alleges that the defendants violated his civil rights by detaining him after the Texas Supreme Court reversed the first civil commitment order on March 11, 2011, until August 19, 2011, when the second civil commitment order issued.  He sues under 42 U.S.C. § 1983.

Section 1983 enforces rights created under federal law, but does not itself create or expand those rights.  *Graham v. Connor,* 490 U.S. 386, 393–94 (1989).  Hill alleges violations of his

procedural and substantive due process rights. *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 840 (1998).

Procedural due process includes notice and an opportunity to be heard in a meaningful time and manner. *Gibson v. Tex. Dep't of Ins. - Div. of Workers' Compensation,* 700 F.3d 227, 239 (5th Cir. 2012) (quoting *Fuentes v. Shevin,* 407 U.S. 67, 80 (1972)). A procedural due process claim requires analyzing whether a liberty or property interest exists, with which the State has interfered, and whether the procedures used were constitutionally sufficient. *Meza v. Livingston,* 607 F.3d 392, 399 (5th Cir. 2010) (quoting *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989), *overruled in part on other grounds, Sandin v. Conner,* 515 U.S. 472 (1995)), *clarified on denial of reh'g,* 2010 WL 6511727 (5th Cir. 2010).

Substantive due process protects individuals from arbitrary or conscience-shocking executive action. *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 867 (5th Cir. 2012) (quoting *Cnty. of Sacramento,* 523 U.S. at 847). Substantive due process is narrowly construed. If a constitutional provision provides "an explicit textual source of constitutional protection," a plaintiff's claims must be analyzed under that provision rather than under the "more generalized notion of substantive due process." *Wilson v. Birnberg,* 667 F.3d 591, 599 (5th Cir. 2012) (quoting *Conn v. Gabbert,* 526 U.S. 286, 293 (1999)).

The undisputed summary judgment evidence shows no procedural due process violation. Three separate courts reviewed and rejected Hill's request to be released from civil commitment at the STTC pending his second civil commitment trial.

On August 7, 2008, after the jury found that Hill was a sexually violent predator, the state trial court issued a Final Judgment and Order of Commitment that stated as follows:

6

FINAL JUDGMENT
BE IT REMEMBERED that on the 7th day of August, 08 this cause came to trial and the parties announced "Ready". After considering the evidence, arguments and court's charge, the jury unanimously found beyond a reasonable doubt that SETH HILL is a sexually violent predator as defined in Health & Safety Code § 841.003. It is therefore:

ORDERED, ADJUDGED and DECREED that SETH HILL is a sexually violent predator as defined in Health & Safety Code § 841.003 and is civilly committed as such in accordance with Health & Safety Code § 841.081 for outpatient treatment and supervision to be coordinated by a case manager whose directives SETH HILL shall follow. Such outpatient treatment shall begin upon the person's release from a secure correctional facility and be conducted in accordance with this Final Judgment and that Order of Commitment signed this date. SETH HILL shall continue in such commitment until the behavioral abnormality of SETH HILL has changed to the extent that SETH HILL is no longer likely to engage in a predatory act of sexual violence and is released from commitment in accordance with Health & Safety Code § 841.103(c), § 841.121, or § 841.124.
SETH HILL shall be returned forthwith to the Texas Department of Criminal Justice. All costs are charged to the State of Texas pursuant to Health & Safety Code, § 841.146(c). All relief not granted herein is DENIED.

(Docket Entry No. 33-2, p. 2).

The Tenth Court of Appeals affirmed the Final Judgment and Order of Commitment on

March 25, 2010. *In re Commitment of Seth Hill*, 308 S.W.3d 465 (Tex. App. - Beaumont, 2010).

On March 11, 2011, the Texas Supreme Court reversed the judgment and remanded for a new trial.

*In re Commitment of Seth Hill*, 334 S.W.3d 226 (Tex. 2011). The Supreme Court did not address

whether Hill was entitled to release from his civil commitment pending his new trial. The Supreme

Court denied Hill's Motion to Expedite Mandate and to Order Petitioner Released from Custody on

April 5, 2011 and issued its mandate without directing the district court to release Hill from CSOT

custody pending his new civil commitment trial. (Docket Entry No. 33-3, pp. 10-11). Hill filed a

Petition for Writ of Habeas Corpus on April 28, 2011, in the 129th Judicial District Court, Harris County, Texas, *In re Seth Hill*, Cause No. 2011-25638. (Docket Entry No. 33-4, p. 2).  That court denied the petition on May 13, 2011.  (*Id.* at 13).

In his third challenge to his continued confinement, Hill filed a petition for a writ of habeas corpus on June 24, 2011,[3] in the 435th Judicial District Court of Montgomery County, Texas. (Docket Entry No. 33-2, p. 5).  That court conducted a hearing on May 27, 2011 and denied the petition, stating:

> DEFENSE COUNSEL:  What we have here that's different from any other case that's gone before is two and a half years of treatment between now and when Mr. Hill was released from TDCJ.
>
> THE COURT: And I'd hate to jeopardize that two and a half years with some other problem that might occur if he wasn't getting his treatment from this doctor -- is his name Dr. Edd?
>
> STATE'S COUNSEL: Yes, Your Honor.
>
> THE COURT: E-D-D?
>
> STATE'S COUNSEL: E-D-D, yes, Your Honor.
>
> THE COURT: Okay.
>
> STATE'S COUNSEL: And, also, Your Honor, just to counter that, Dr. Woodrick just found in August of 2010 that he does continue to have this behavioral abnormality. So we do have treatment, two years of treatment. That's getting into the merits of the case. But that's also --you know, as of just a few months ago, we still have one doctor saying he does have a continuing behavioral abnormality.
>
> THE COURT: . . . I find that good cause exists to continue to supervise Mr. Hill at the Ben Reid facility. I find that there was a

---

[3]On-line records from the 435th Judicial District Court of Montgomery County, Texas reveal that Hill filed the petition for habeas relief as a motion on May 20, 2011.  The motion was redocketed as a petition for a writ of habeas corpus on June 24, 2011. http://odyssey.mctx.org/Unsecured/CaseDetail.aspx?CaseID=54970.

prior jury verdict. I find that I've heard those doctors testify that he has a behavioral abnormality, that the behavioral abnormality has been continued separate and apart from the trial system by Dr. Woodrick in the biennial review evaluation. I take it that two other doctors, maybe the same doctors, have also recently done behavioral abnormality evaluations and they, too, have found that behavioral abnormality exists, otherwise we probably wouldn't be in this position right now. You know, I have temporary powers to prevent things from happening so that the status quo can exist prior to trial, and usually that involves property, or money, the stopping of bank accounts, the slowing down of taking of cars, things that can be seized. You know, I could extend that to that at least we don't have any additional problems, whatever those may be, with Mr. Hill between the time of this trial -- today's setting and the time of this trial.

The Supreme Court had the power to do whatever the heck they wanted as far as I'm concerned. And they could have said that Mr. Hill needs to be released. I think the Supreme Court could have said that we couldn't retry him if they want to. I know that's happened in the Court of Criminal Appeals in that criminal matter that I'm familiar with.

So they could have done what they wanted and they chose not to do that. All they said is he gets a new trial. So he is going to get a new trial. And the question is when do you want to do that trial? The state says they're ready in two weeks. You know, we can try this case in two weeks. It's up to you sitting over there when that occurs. I mean, I've set it so far for -- it looks like it was on the calendar for June 13th, and it's still set for June 13th as we sit here now. So it's only 16 days away. So I don't see that to be a huge sacrifice that Mr. Hill has to make, and the benefit to Mr. Hill is he's still getting his treatment from Dr. Edd and the State is still going to keep paying for it. I think it would be violence to the Supreme Court if I was to release them because they didn't release him. I mean, they didn't release him. They could have. So... They ordered a new trial. So we're going to give him a new trial. So I'm going to order that he stay supervised at the Ben Reid facility, that he still gets his treatment from Dr. Edd, and we go to trial June 13th.
. . .

(Docket Entry No. 33-2, pp. 18-20).

After a second trial on August 19, 2011, a jury found that Hill was a sexually violent predator as defined in Health & Safety Code, § 841.003, § 841.062 and § 841.081, and that civil commitment was appropriate.  (Docket Entry No. 33-2, pp. 23-25).  The Ninth Court of Appeals affirmed the Final Judgment and Order of Commitment on February 28, 2013. *In re Commitment of Seth Hill*, Appeal No. 09-11-00593-CV, 2013 WL 772834 (Tex. App. - Beaumont, 2013).

The record shows that, as a matter of law, Hill had a meaningful opportunity to be heard. His procedural due process claim lacks merit.  The defendants are entitled to judgment as a matter of law on this claim.

## IV.    The Claims Based on Respondeat Superior

To prevail on a § 1983 claim, the plaintiff must prove that the defendant deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  The plaintiff must show a misuse or abuse of official power and a nexus between the improper conduct and the defendant's performance of his or her official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).  A defendant's "personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).  If the defendant is a supervisor of the official whose action is challenged, the supervisor cannot be liable for the subordinate's acts based solely on vicarious or *respondeat superior* liability. *See Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir. 1987); *see also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (subordinate's acts do not trigger § 1983 liability for supervisory officials).  For a supervisor to be liable under § 1983, the plaintiff must show that: (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts

10

to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005).  Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Hill alleges that Taylor was responsible for the management of the Office of Violent Sex Offender Management.  Hill has neither submitted nor identified evidence in the summary judgment record raising an inference that Taylor was personally involved in the  constitutional deprivation or that Taylor's wrongful conduct was causally connected to the constitutional deprivation Hill alleged. Nor has Hill submitted or shown evidence that Taylor implemented a constitutionally deficient policy which was the moving force behind the constitutional deprivation. *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir. 1999).  Hill has shown no basis for Taylor's individual liability.  His claim against her is dismissed.

## V.      Eleventh Amendment Immunity

The defendants move to dismiss the damages claims against them in their official capacities based on Eleventh Amendment immunity.  (Docket Entry No.  33, pp. 15-16).  The Eleventh Amendment protects state officials sued in their official capacities from § 1983 claims for money damages. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101–02 (1984); *accord, Hafer v. Melo,* 112 S. Ct. 358, 363 (1991); *Delahoussaye v. City of New Iberia,* 937 F.2d 144, 146 (5th Cir. 1991).  A damages claim against public officials in their official capacities is in effect a claim brought against the State itself, and thus barred by the Eleventh Amendment and sovereign immunity.  *See Hafer,* 112 S. Ct. at 363; *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002) (the Fifth

Circuit has "twice held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity").

The OVSOM is an agency of the State of Texas.  It is immune from suit under the Eleventh Amendment. *Harris v. Angelina Cnty.,* 31 F.3d 331, 338 (5th Cir. 1994) (citing *Ruiz v. Estelle,* 679 F.2d 1115, 1136–1137 & n.75) (5th Cir. 1982) (dismissing claims against the Board of the TDCJ's predecessor entity because the Board was "merely an agency of the state"), *cert. denied,* 460 U.S. 1042 (1983); *Loya v. Tex. Dep't of Corrs.,* 878 F.2d 860, 861 (5th Cir. 1989) (holding the predecessor to the TDCJ immune from suit under Eleventh Amendment)).  Hill's claim against McLane in her official capacity is also barred, because Eleventh Amendment immunity extends to suits for monetary damages against State officials sued in their official capacities. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 609 n.10 (2001) (recognizing that "States and state officers acting in their official capacity are immune from suits for damages . . .").

## VI.  The Claims Against the Unserved Defendant

Hill also sued  Eric Pierson, but he has not been served with process. The court twice ordered service on this defendant, without success.  (Docket Entries Nos. 22 & 23).  The Fifth Circuit has held when a defending party establishes that a plaintiff has no cause of action, the claims against a defendant who has not been served may also be dismissed.  *Lewis,* 236 F.3d at 768, *citing United States v. Peerless Ins. Co.,* 374 F.2d 942, 945 (4th Cir. 1967).  *See Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001).

The claims against Pierson stand on the same legal theory as the dismissed claims and they are also dismissed.

**VII.    Conclusion**

The defendants' motion for summary judgment, (Docket Entry No. 33), is granted.  Hill's cross-motion for summary judgment, (Docket Entry No. 36), is denied.  This civil action is dismissed.  Any remaining pending motions are denied as moot.

SIGNED on August 11, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge